## Case No. 9,852.

### In re MORSE.

[7 N. B. R. 56.] [1]

District Court, N. D. New York. June 29, 1872.

BANKRUPTCY — ASSIGNEE — NEGLECT TO SECURE PROPERTY—SALE FOR TAXES—PETITION FOR REMOVAL — COSTS.

1. A petition for the removal of an assignee alleged, among other things, that he had neg- lected to take proper measures to secure the bankrupt's property; had, under the advice of his counsel, refused to pay taxes on the bank- rupt's real estate, and allowed it to be sold to pay the same. *Held*, that the allegations of the petition were duly proven, and gross neglect of duty on the part of the assignee shown.

2. Order entered removing the assignee, and directing him to pay out of his own funds with- in twenty days the cost of presenting and prose- cuting the petition for his removal.

In bankruptcy.

HALL, District Judge. This is an applica- tion by a creditor of the bankrupt for the re- moval of Philetus R. Perry, the assignee ap- pointed in these proceedings in February, eighteen hundred and seventy, after the res- ignation of Walter B. Beattie, the former as- signee. From the papers used upon the hear- ing of the application, and the papers on file with the register in charge, it appears that the petition against the bankrupt was filed May twenty-sixth, eighteen hundred and six- ty-eight, that he was adjudicated a bankrupt June fourth, eighteen hundred and sixty-eight, and that Walter B. Beattie was appointed his assignee on the ninth of the succeeding month. On the twenty-eighth of September, eighteen hundred and sixty-eight, a bill was filed in this court by said assignee, to set aside various judgments and executions against the bankrupt, and on the first day of September, eighteen hundred and seventy, the case was finally decided in favor of the as- signee, after a hearing upon exceptions taken by the defendants to the report of the referee therein.

The opinion delivered by the court was soon

[1] [Reprinted by permission.]

thereafter published in the Commercial Advertiser of Buffalo, and again in Beattie v. Gardner [Case No. 1,195], in January, eighteen hundred and seventy-one; but it now appears that no decree was ever drawn up or entered in accordance with such opinion. In January, eighteen hundred and sixty-nine, it was stipulated by the parties to that suit, that the personal property of the bankrupt, which had been levied upon by the sheriff of Niagara county, by virtue of such executions, might be sold by the sheriff and the proceeds kept by him in the Erie County Savings Bank, subject to the further order or judgment of this court, which stipulation was sanctioned by this court, and such property sold as therein provided. On the twenty-first of February, eighteen hundred and seventy, a petition was filed by Walter B. Beattie, the assignee, stating that he was about to remove to the state of Iowa, and also stating the amount of his receipts and disbursements, and asking this court to accept his resignation as assignee. An order was made referring such petition to the register, with directions to report the name of a proper person for assignee, if in his opinion the resignation of such assignee should be accepted, and upon his report the resignation was accepted, and said Perry was appointed assignee. An order was then made referring the accounts and doings of said Beattie as assignee for examination and settlement. The assignee thus appointed accepted the trust, and assumed to act as assignee; but he has utterly failed to discharge his duties as such. I find no evidence that he ever made any effort to obtain possession of the bankrupt's estate which passed into the hands of the prior assignee, or which was in the hands of the sheriff of Niagara county, under attachments and executions issued in the suits in which the judgments declared void by this court were rendered, or the large amount of money which was realized by the sheriff upon the sale made under the stipulation hereinbefore referred to.

The neglect to take the proper measures to have a decree entered according to the decision of this court in the case hereinbefore referred to, and obtain the moneys in the hands of the sheriff for distribution among the creditors of the bankrupt, is without excuse, and would alone justify his removal; but the petition for his removal alleged in substance, that the said Perry had never made any inventory of the property which had come to his hands as assignee; that he had not made any dividend to the creditors of the bankrupt, and that he had grossly neglected his duty as assignee. It also alleged that the petitioner had obtained an order from the register requiring him to appear before the register on the twenty-ninth of April, eighteen hundred and seventy-two, to give an account of his stewardship in the premises, and that said Perry appeared according to such order and rendered his account showing that he

had never received any money or property from said Beattie, his predecessor, but that he received possession of the bankrupt's real estate, and had leased the same, and had collected rents to the amount of four hundred and seventeen dollars and twenty-five cents, and that he had permitted the attorney for the petitioning creditors to collect and hold a part of the rents to the amount of two hundred and thirteen dollars. The petition also alleged that said Perry also stated that there were a lot of books of the bankrupt, and that he knew not where such books were, as he had taken no means to find them, nor had he taken any measures to ascertain what property and effects did belong to said estate in bankruptcy, except to take charge of the said real estate; that said real estate had been sold for taxes several times, and on being asked why he had not paid the taxes, he said his counsel advised him not to pay any taxes, and he therefore neglected to pay them. The petition also alleged that there was in the hands of the late sheriff of Niagara county, about one thousand four hundred dollars in cash, belonging to the creditors of the bankrupt who had proved their debts, besides the money in the hands of said Beattie and Perry's said attorney, and that the bankrupt had a life estate as tenant, by the courtesy to real estate, which was over three hundred dollars per year. The affidavit of the assignee in answer to the allegations of the petition is very unsatisfactory, and does not deny or avoid some of the most material allegations. He points out no specific inaccuracies in the statements in respect to the account which he gave before the register, except that he states that he did not then state that he did not know where the books then referred to were, but stated they were in the office of Wm. F. Farnell, although he says all of his statements were not taken down, and "there are inaccuracies therein in regard to some matters therein stated." He also stated in his affidavit that he understood that all of the property of the bankrupt which had been discovered, except the books mentioned in the petition, was involved in litigation, which was undetermined, though he states nothing in regard to the existence of any litigation, other than that which was finally decided in favor of the assignee more than twenty months before his affidavit was made, and he gave the pendency of such litigation and the advice of his counsel as his reason for not paying the taxes on the real estate of the bankrupt. In respect to the rents retained by his counsel, he says it was deemed proper that they should be so received with a view of their being so applied by way of a just and reasonable compensation for his attorney and counsel in conducting legal proceedings for the benefit of the estate; but he does not appear to have learned that in the account rendered by his predecessor it appeared that he had paid to said counsel and his partner one hundred and fifty dollars for

their services in the suit against the judgment creditors, hereinbefore referred to, or that he had also paid them, (without any order of the court therefor,) one hundred and thirty-two dollars and sixteen cents for services in the bankruptcy proceedings, and twelve dollars and forty cents for necessary fees and disbursements advanced by them, in addition to twenty dollars paid the petitioning creditors for fees advanced to the same attorney and counsel, and some sixty-six dollars for other expenses and disbursements of the petitioning creditors.

All, or nearly all, the papers in the case which bear upon the question of the alleged neglect of duty on the part of the assignee, tend to show such neglect, and also gross ignorance of what he should have known in respect to such estate. For example, his own affidavit states that the amount of the debts proved against the estate is over nineteen thousand dollars, while the list of debts subsequently furnished and admitted by his counsel to be correct, show that they amount to only ten thousand fifty-eight dollars and thirty-one cents. I cannot resist the conclusion that there has been gross and culpable neglect of duty on the part of the assignee in this case, and I fear that there is great need that examples should be made of assignees who neglect their duties. It is time that some of them should be made to feel that they are not appointed simply for their own profit, but that as trustee for the creditors they are bound to exercise due diligence in collecting and disposing of the property of the bankrupt, and in distributing its proceeds among his creditors.

It is to be hoped that this case is not a fair sample of the manner in which assignees in bankruptcy in this district neglect their duties; if it be, this court may be usefully employed in taking measures for their removal and the substitution of others who will faithfully discharge the duties of their trust. There will be an order removing the assignee, and directing him to pay out of his own funds to the creditor who has filed the petition for his removal, the taxed cost of such petition, or in presenting and prosecuting such petition, and of the proceedings taken under the same within twenty days after the same shall be taxed by the clerk on due notice, and a copy of this order and of such taxed bill shall be served upon him.